

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~JOHN BEN SHEPPERDXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable W. C. McClain
District Attorney
Conroe, Texas

Dear Sir:

Opinion Number O-1190
Re: Authority to expend moneys derived
from sale of road bonds in paving
streets of an incorporated city where
the streets so paved are not a part of
the county road system.

We are in receipt of your letter of December 8, in which you request our opinion on the following question:

"Can moneys derived from the sale of bonds that may be authorized to be sold under and in conformity with said Article 752a legally be used for the purpose of paving the streets of the City of Conroe where the streets so paved are not segments or parts of roads or highways extending through the city?"

The facts underlying your problem are briefly as follows: An election has been ordered whereat the proposition of the issunace of $2,000,000 of road bonds is to be submitted to the qualified property taxpaying voters of Commissioners' Precinct #2, and that said bonds are to be issued in accordance with Article 752a of the Revised Civil Statutes of 1925, and for the purpose stated therein, namely -- "For the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof." Further, that said Commissioners' Precinct #2 includes within its limits the City of Conroe, a municipal corporation duly and properly incorporated; that there are two public roads or highways extending through the corporate limits of said city, to-wit, Highway #75, which is a paved street through the city, and Highway #105, which is not paved. You state also that it is the declared purpose that the proceeds from the sale of such bonds as may be authorized at the above cited election are to be used for paving or hardsurfacing a great many streets within the city limits of Conroe that are not any part of the highways to be improved in the road district.

You refer to the fact that Highway #75 and Highway #105 traverse the corporate limits of the City of Conroe. If said highways are a part of the State designated highway system, we are of the opinion that the county or district would be precluded from making any improvement on either of said two highways. See Section 3 of House Bill #688, passed by the 46th Legislature, Regular Session, 1939. The pertinent part of said section being:

Hon. W. C. McClain, page 2 (0-1190)

"All further improvements of said State highway system shall be made under the exclusive and direct control of the State Highway Department, and with appropriation made by the Legislature out of the State Highway Fund."

Further, said section provides:

"No further improvements of said system shall be made with the aid of or with any moneys furnished by the counties except the acquisition of rights-of-way which may be furnished by the counties, their subdivisions or defined road districts."

As a general proposition of law it is settled that the control and jurisdiction over streets of a municipal corporation is exclusive in said corporation. However, the courts have construed to the counties the right to expend funds in the improvement of streets within the corporate limits of a city when said streets were also a public road, particularly when done with the consent of the city. See Hughes vs. County Commissioners' Court of Harris County, 35 S.W. (2d) 818. This same conclusion was reached by the Supreme Court in the case of the City of Breckenridge vs. Stephens County, 40 S.W. (2d) 43, wherein the court said:

"The commissioners' court may expend county road bond funds for improvement of city streets forming part of the county roads where made with city's consent."

The general underlying theory being that such improvements must be confined to streets forming part of a county road system and also that the county must have the consent of a municipal corporation within which said streets may be located. The Supreme Court in the Breckenridge case, above cited, distinguished between streets forming a part of a county road system and streets generally within the city. In that case the court held that the commissioners' court could bind itself to expend county road bond funds to aid the city of Breckenridge in improving "streets forming a part of county roads," and in the same case held that the county could not bind itself to aid the City of Breckenridge in improving "streets." It is obvious that they intended to draw a distinction between streets, speaking generally of the arteries of traffic within a municipality, and such streets as form a continuation of a county road, but in any event a street which had been designated by the county as a part of its system. It will be noted that the cases above cited, and from which we quote, have particular reference to the proceeds of road bonds of a county. We find no cases involving the expenditure of proceeds from bonds issued by a road district. However, in our opinion, the laws applicable to the county are likewise applicable to the district.

You are therefor advised that in our opinion the county is without authority to pave the streets of the City of Conroe where such streets do not constitute a part of the county road system.

APPROVED DEC 23, 1939                              Very truly yours,
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS                 ATTORNEY GENERAL OF TEXAS
CEC-s:egw                                              By /s/ Clarence E. Crowe
                                                                    Assistant